THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS HOWARD LUND, Appellant.—

In our opinion, this section (Code Crim. Pro., § 662) prohibits the introduction into evidence of the entire psychiatric report or any part thereof, either directly or indirectly; its prohibition is not confined merely to the *findings* of the doctors contained therein (*People* v. *Butchino*, 13 A D 2d 183). We also find upon the record before us that the defendant did not waive the protection of this section (cf. *People* v. *Roth*, 13 A D 2d 295, 298–299). During the trial there were repeated references to the contents and the conclusions of both psychiatric reports. In our opinion, such references may have substantially affected a proper determination by the jury (cf. *People* v. *Draper*, 278 App. Div. 298). Moreover, the error was compounded by referring to the reports in the hypothetical question posed by the People to their expert witness (*People* v. *Samuels*, 302 N. Y. 163; *People* v. *Keough*, 276 N. Y. 141). Said reports were not before the jury and the court should not have permitted the expert witness to state, over objection, the qualifications of the other psychiatrists who prepared both reports. In our opinion, further error was committed by the court in permitting the defendant to be questioned with respect to whether he remembered giving answers to certain questions posed by a psychiatrist at Kings County Hospital. Such questions, in effect, placed "alleged admissions" before the jury without any established foundation therefor (cf. *People* v. *Peetz*, 7 N Y 2d 147). Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IRVING ROBERTSON, Appellant.— Appeals by defendant: (1) from a judgment of the County Court, Kings County, rendered March 11, 1957, after a jury trial, convicting him of robbery in the first degree, grand larceny in the second degree, and assault in the second degree and sentencing him, as a second felony offender, to serve a term of 15 to 30 years; and (2) from an order of the same court, dated March 16, 1961, and made in a *coram nobis* proceeding thereafter instituted, which denied his application, after a hearing, to vacate the above judgment of conviction. Judgment and order affirmed. No opinion. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.